# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned December 8, 2010

## GURSHEEL DHILLON, MD v. STATE OF TENNESSEE HEALTH RELATED BOARDS

**Appeal from the Chancery Court for Davidson County**
**No. 10-449-II      Carol L. McCoy, Chancellor**

_____

**No. M2010-01085-COA-R3-CV - Filed December 9, 2010**

_____

This appeal involves a doctor's challenge to disciplinary charges brought against him by the Department of Health, Division of Health Related Boards. After the trial court denied the doctor's request for a temporary injunction prohibiting the defendant from proceeding with a hearing on the disciplinary charges, the doctor filed a notice of appeal to this court. Because the order appealed does not resolve all the claims raised by the doctor, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., ANDY D. BENNETT, RICHARD H. DINKINS, JJ.

Gursheel S. Dhillon, Estill Springs, Tennessee, Pro Se

Andrea Huddleston, Sue Ann Sheldon, Nashville, Tennessee, for the appellee, State of Tennessee Health Related Boards.

## MEMORANDUM OPINION[1]

On November 20, 2009, the Department of Health, Division of Health Related Boards, filed an Amended Notice of Charges and Memorandum for Assessment of Civil Penalties

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

alleging that Gursheel S. Dhillon, M.D., had failed to comply with certain conditions imposed on him by the Board of Medical Examiners in a March 19, 2008 final order. The matter was scheduled for a contested case hearing before the Board of Medical Examiners on May 19, 2010. On March 16, 2010, Dr. Dhillon filed a complaint in the Chancery Court for Davidson County seeking a temporary injunction prohibiting the Department from proceeding with the hearing, a permanent injunction, a stay of the administrative proceedings, a declaratory judgment, and other relief. On April 13, 2010, the trial court denied Dr. Dhillon's request for a temporary injunction prohibiting the defendant from proceeding with the hearing. Dr. Dhillon filed his notice of appeal on May 12, 2010.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at \*8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

Like the trial court, we find it difficult to determine from the complaint exactly what additional relief Dr. Dhillon is seeking. Nevertheless, it is clear that additional claims remain. The trial court's April 13, 2010 order merely denies Dr. Dhillon's request for a temporary injunction. It does not address any other requests for relief in the complaint. It does not dismiss the complaint or tax the costs. Indeed, the trial court noted in its ruling that it would entertain a motion to dismiss if and when the defendant filed such a motion. Accordingly, the April 13, 2010 order is not a final judgment and is not subject to an appeal as of right pursuant to Tenn. R. App. P. 3.

On September 9, 2010, this court ordered Dr. Dhillon either to obtain a final judgment from the trial court within sixty (60) days or else to show cause why the appeal should not be dismissed. Dr. Dhillon has responded that the refusal to issue a preliminary injunction is an appealable order pursuant to Ala. R. App. P. 4(a)(1)(A), and *Baldwin County Elec. Membership Corp. v. Catrett*, 942 So. 2d 337, 349 (Ala. 2006). Proceedings before this court are governed by the Tennessee Rules of Appellate Procedure, not the Alabama Rules of Appellate Procedure. Neither Ala. R. App. P. 4(a)(1)(A) nor the Alabama appellate decisions interpreting that rule are applicable in this court. Under Tenn. R. App. P. 3(a), an order denying a temporary injunction is not appealable as of right.

Dr. Dhillon's response also requests direct appellate review of the administrative proceeding pursuant to Tenn. R. App. P. 12. However, Tenn. R. App. P. 12 applies only in those rare instances where there is specific statutory authority for an appeal directly to this court from a decision of an administrative agency. There is no such statutory authority for a direct appeal to this court from a decision of the Department of Health, the Division of Health Related Boards or the Board of Medical Examiners. Likewise, Tenn. R. App. P. 12 does not apply to appeals from the Chancery Court for Davidson County, even where the case arises out of an administrative proceeding.

Finally, Dr. Dhillon has moved the court to consider his appeal as an extraordinary appeal pursuant to Tenn. R. App. P. 10. Having reviewed the motion and the entire record on appeal, we cannot conclude that the trial court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review or that an extraordinary appeal is necessary for a complete determination of the action on appeal. Accordingly, an extraordinary appeal is not warranted, and we decline to consider the appeal pursuant to Tenn. R. App. P. 10.

This appeal is dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Gursheel S. Dhillon and his surety for which execution may issue.


PER CURIAM