# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 1, 2011 Session

## JOHN L. HOUSTON v. RHEY HOUSTON, ET AL.

**Appeal from the Chancery Court for Rhea County**
**No. 10535       Jeffrey F. Stewart, Chancellor**

_____

**No. E2010-02649-COA-R3-CV-FILED-JULY 1, 2011**

_____

The order of the trial court entered November 29, 2010, from which the appellant John L. Houston seeks to appeal, is not a final order. Accordingly, the appellant's appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

J. Arnold Fitzgerald, Dayton, Tennessee, for the appellant, John L. Houston.

Jarred Shannon Garrison, Dayton, Tennessee, for the appellees, Rhey Houston and Pauline H. Brown.

## MEMORANDUM OPINION[1]

The trial court's order of November 29, 2010, grants the appellees, Rhey Houston and Pauline H. Brown, partial summary judgment. It is not a final order. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" _In re Estate of Henderson_, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting _State ex rel. McAllister v. Goode_, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

rights and liabilities of fewer than all the parties is not enforceable or appealable. . . .” “Such an order is interlocutory or interim in nature and generally cannot be appealed as of right.” *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (“Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.”).

As this appeal was taken from an order that was not a final judgment, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, John L. Houston.

PER CURIAM