# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## AMERICAN GENERAL FINANCIAL SERVICES, INC. v. UNKNOWN TENANT OF FORECLOSED PROPERTY (MARTIN GOSS)

### Appeal from the Circuit Court for Knox County
### No. 240610    Harold Wimberly, Jr., Judge

### No. E2011-00856-COA-R3-CV-FILED-AUGUST 30, 2011

A show cause order was entered in this case on July 15, 2011, directing the pro se appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. The appellant has failed to respond to the show cause order within the time specified. The review of the record reveals that the judgment to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Accordingly, we dismiss the appeal as premature.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

**JOHN W. MCCLARTY, J.; HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., J.**

Martin Luther Goss, Knoxville, Tennessee, pro se appellant.

Jerry M. Martin, Knoxville, Tennessee, for the appellee, American General Financial Services, Inc.

### MEMORANDUM OPINION[1]

American General Financial Services, Inc. ("AGFS") held a mortgage secured by realty addressed 2746 Linden Avenue in Knoxville. One of the borrowers died and the other

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

entered the custody of the Department of Human Services pursuant to the Tennessee Adult Protection Act. Because payments on the mortgage became delinquent, AGFS referred the loan to an attorney for foreclosure. Notice was provided to all interested parties. On June 30, 2010, the realty was sold at auction, with AGFS placing the highest bid.

Defendant Marvin Goss[2] claims to be the owner of the realty pursuant to a quit claim deed allegedly executed on June 6, 2006, and recorded four years later on February 22, 2010. AGFS asserts that regardless of the quit claim deed's validity or invalidity, AGFS's deed of trust was executed and recorded prior to Mr. Goss's alleged quit claim deed. Acording to Mr. Goss's pleadings, the borrowers never signed the alleged "Deed Of Trust" and "said signatures are Fraudulent."

AGFS subsequently amended its complaint to seek a monetary judgment against Mr. Goss for the value of the rents during the time AGFS had been kept out of possession of the property pursuant to Tenn. Code Ann. § 29-18-131. AGFS also sought damages against Mr. Goss for trespass pursuant to Tenn. Code Ann. § 29-18-134 and common law.

The trial court found in favor of AGFS and reserved for a further hearing AGFS's request for rents and damages. Mr. Gass filed a notice of appeal.

The record reveals that the judgment to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from an order that was not a final judgment, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

---

[2]He is the grandson of the borrowers.

**CONCLUSION**

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Martin Goss.


PER CURIAM