# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 1, 2011 Session

## CYNTHIA RHEA HELTON v. GREGORY HERBERT HELTON

**Appeal from the Chancery Court for Anderson County**
**No. 10CH1508      William E. Lantrip, Chancellor**

_____

**No. E2011-01237-COA-R3-CV-FILED-NOVEMBER 1, 2011**

_____

This is a divorce case. Gregory Herbert Helton appeals from the "final" judgment of divorce entered April 29, 2011. That judgment is not a final judgment. Accordingly, the appellant's appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Gregory Herbert Helton, Knoxville, Tennessee, appellant, pro se.

Patty Jane Lay, Knoxville, Tennessee, for the appellee, Cynthia Rhea Helton.

## MEMORANDUM OPINION[1]

The trial court's judgment of April 29, 2011, decrees, among other things, that the marital residence is to be disposed of "through auction/sale." The judgment further decrees that "[t]he Court reserves the division of any profits or deficiencies associated with the sale." Therefore the judgment is not a final judgment. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from a judgment that was not final, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Gregory Herbert Helton.


PER CURIAM