IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on April 24, 2013


MICHAEL MILJENOVIC v. SHERRI E. MILJENOVIC


Appeal from the Circuit Court for Knox County, Fourth Circuit
No. 126376      Bill Swann, Judge


No. E2013-00172-COA-R3-CV-FILED-APRIL 24, 2013


This appeal sought under Tenn. R. App. P. 3 is from an Order to Register Foreign Decree entered by the trial court on December 14, 2012, which order gave "full faith and credit for enforcement and modification purposes" to the parties' New Jersey divorce judgment and subsequent consent orders entered by the New Jersey court on the issue of child custody. Subsequent to the entry of the December 14, 2012 order, the appellee ("Father") filed a petition to modify the child custody provisions of the New Jersey judgment and consent orders. The trial court entered an emergency order on January 9, 2013, temporarily modifying the child custody provisions of the New Jersey judgment and orders to change custody of the parties' minor children from the appellant ("Mother") to Father. Pursuant to Rule 10 of Tenn. R. App. P., Mother then sought and was granted an extraordinary appeal from the January 9, 2013 order. *See order in Michael Miljenovic v. Sherri E. Miljenovic*, No. E2013-00238-COA-R10-CV, (Tenn. Ct. App., Knoxville, Feb. 5, 2013). That case is now pending in this Court. She also sought this Tenn. R. App. P. 3 appeal as to the trial court's order of December 14, 2012. Since the trial court's order of December 14, 2012, is not a final order, we have no jurisdiction to consider her Tenn. R. App. P. 3 appeal.


Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed


CHARLES D. SUSANO, JR., P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Sherri E. Miljenovic, Knoxville, Tennessee, *pro se*.

Lisa A. White, Knoxville, Tennessee, for the appellee, Michael Miljenovic.

**MEMORANDUM OPINION**[1]

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). This Court does not have subject matter jurisdiction to adjudicate a Tenn. R. App. P. 3 appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The December 14, 2012 order specifically contemplated the subsequently filed modification petition. Moreover, that portion of the modification petition seeking a permanent change in custody of the parties' minor children remains pending in the trial court even though all proceedings in the trial court presently are stayed pending the outcome of the parties' extraordinary appeal from the January 9, 2013 order. Therefore, it is clear that the December 14, 2012 order did not resolve all of the claims between the parties at issue in the proceedings below.

Accordingly, this appeal is dismissed. Costs on appeal are taxed to Sherri E. Miljenovic, for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.