IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 4, 2003 Session

## IN RE:  ESTATE OF DONALD BEN HENDERSON, DECEASED, JEFF HENDERSON V. KENNETH HENDERSON

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Probate Court for Monroe County**
**No. 98-116, Edwin C. Harris, Judge**

---

### No. E2002-01155-SC-R11-CV - Filed November 4, 2003

---

We granted review in this case to decide whether a probate court's rejection of all purported wills submitted for probate and the entering of an order finding that the decedent died intestate constitutes a final order for purposes of appeal.  Jeff Henderson, the plaintiff-appellant, asserts that the trial court's order rejecting the decedent's wills and finding that he died intestate was not a final order because the trial court did not certify it as such under Rule 54.02 of the Tennessee Rules of Civil Procedure.  The defendant-appellee, Kenneth Henderson, responds that the rejection of the submitted wills and the finding of intestacy represent a final judgment which must be appealed, if at all, within thirty days.  The Court of Appeals agreed with the defendant, and held that the probate court's order rejecting the wills for probate was a final judgment that had to be appealed within thirty days.  Since the plaintiff's notice of appeal was filed beyond thirty days, the appeal was dismissed.  After careful consideration, we have determined that the intermediate court correctly resolved the case.  Accordingly, the judgment of the Court of Appeals is affirmed.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed.

FRANK F. DROWOTA, III, C.J. delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR.,  JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Eric J. Morrison and Chadwick B. Tindell, Knoxville, Tennessee, for the appellant, Jeff Henderson.

Charles Dungan, Maryville, Tennessee, for the appellee, Kenneth Henderson.

## OPINION

**Factual and Procedural Background**

This case involves a dispute between the plaintiff, Jeff Henderson, the decedent's grandson, and the defendant, Kenneth Henderson, the decedent's son, over the estate of Donald Ben Henderson. After Mr. Henderson's death in December 1998, the plaintiff filed a petition in the Monroe County Probate Court seeking to admit to probate a document dated August 21, 1996, purporting to be the decedent's will. A revocation of this will, dated July 28, 1997, was also submitted to the probate court. Subsequently, the defendant submitted for probate a document dated October 20, 1998, likewise purporting to be the decedent's will. A third document purporting to be the decedent's will dated February 27, 1986, was also filed with the court. Thus, the parties filed a total of three wills and a revocation with the probate court.[1]

After holding a hearing, the nature of which is unclear,[2] the trial court entered an order on October 18, 2001, finding that the 1986 will was revoked by the 1996 will, that the 1997 revocation revoked the 1996 will, and that the deceased was not competent to execute the 1998 will because he was subject to a conservatorship.[3] Having found that none of the three documents submitted by the parties should be admitted to probate, the trial court found that the decedent died intestate. The court's order also appointed an administrator ad litem, and concluded by stating that the "proponents of the wills submitted to this Court file their will contests and/or counterclaims forthwith."

On December 6, 2001, the defendant filed a motion to relieve the administrator ad litem of his duties and to appoint himself, the defendant, as the personal representative of his father's estate. The motion recited that more than thirty days had expired since the entry of the order rejecting the wills submitted for probate and the finding that the decedent had died intestate. Therefore, the order was a final judgment and as such was res judicata as to all issues related to the validity of the wills. The motion further indicated that the defendant was the only child of the deceased and hence his only heir given the trial court's finding of intestacy. The plaintiff filed a response opposing the motion, along with a complaint challenging the validity of one of the rejected wills.

The trial court entered an order on April 23, 2002, appointing the defendant as the personal representative of the decedent's estate. The order further found that the earlier order of October 18, 2001, which rejected the wills and held that the deceased died intestate, was a final order. The

---

[1] Prior to the initiation of the probate case, a conservatorship case had been filed concerning the deceased. In that matter, the deceased was apparently found to be incompetent because a conservator was appointed. Little else is known about that case, or the present one, as there is no transcript of the evidence or a statement of the evidence.

[2] The defendant's brief states that the hearing was "quite informal," and that no testimony was presented to the court.

[3] In resolving the case, the trial judge stated that he "considered both the probate and conservatorship records of the decedent." As noted previously, the records of the conservatorship proceeding were not filed by the parties in this case.

plaintiff filed a notice of appeal on May 13, 2002, nearly seven months after the trial court rejected the wills and made the finding of intestacy.

On appeal, the Court of Appeals concluded that it did not have jurisdiction to hear the case because the plaintiff did not file a notice of appeal within thirty days of the entry of the order rejecting the wills submitted for probate.[4] The intermediate court reasoned that the order of October 18, 2001 adjudicated all of the issues related to the propounded wills, and that the language in the order stating that "the proponents of the wills submitted to this Court file their will contests and/or counterclaims forthwith" was "superfluous and did not change the character of the final order." Thus, the Court of Appeals held that when a court rejects all purported wills submitted for probate and enters an order finding that the deceased died intestate, the order constitutes a final order for purposes of appeal. Accordingly, the intermediate court dismissed the appeal.

## Analysis

We begin our analysis of this case by observing that in a civil case an appeal as of right may be taken only after the entry of a final judgment. Tenn. R. App. P. 3(a). A final judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." State ex rel. McAllister v. Goode, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision any time before the entry of a final judgment. Tenn. R. App. P. 3(a). Such an order is interlocutory or interim in nature and generally cannot be appealed as of right. Id. However, there is a mechanism, found in Rule 54.02 of the Tennessee Rules of Civil Procedure, by which a party may appeal an order that adjudicates fewer than all of the claims, rights, or liabilities of fewer than all the parties. Rule 54.02 provides as follows:

> When more than one claim for relief is present in an action . . . or when multiple parties are involved, the court . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties **only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment**. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). Thus, Rule 54.02 requires, as a prerequisite to an appeal as of right of an interlocutory order, the certification by the trial judge that the judge has directed the entry of a final

---

[4]In an appeal as of right to the Supreme Court, Court of Appeals, or Court of Criminal Appeals, the notice of appeal must be filed with the trial court clerk within thirty days after the date of entry of the judgment appealed from. Tenn. R. App. P. 4(a).

judgment as to one or more but fewer than all of the issues of the parties, and that the court has made an express determination that there is no just reason for delay. Stidham v. Fickle Heirs, 643 S.W.2d 324, 325 (Tenn. 1982). Such certification by the trial court creates a final judgment appealable as of right. Id.

With the foregoing principles in mind, we turn to the plaintiff's contention that the order of the probate court entered on October 18, 2001, was not a final order that had to be appealed within thirty days. The plaintiff argues that the order did not adjudicate all of the issues in the case given that the order directs the parties to "file their will contests and/or counterclaims forthwith." According to the plaintiff, that language contemplates further proceedings regarding the contestability of the wills previously submitted to the court. The plaintiff further suggests that there are unadjudicated rights still at issue, such as potential claims against the estate.

We are not persuaded by the plaintiff's arguments, and agree with the finding of the Court of Appeals that the language in the order about filing "will contests and/or counterclaims" was superfluous because there were no wills admitted to probate to contest. The only issue before the probate court was whether the deceased had a valid will, and the only claim for relief sought by the parties was the admission of the various wills to probate. The unambiguous rejection by the trial court of those wills and the finding of intestacy left nothing further to be decided with respect to those instruments. Simply put, there were no wills to set aside in a contest proceeding. The trial judge himself found in a later order that his previous order of October 18, 2001 was meant to be a final order.

The plaintiff also relies upon Rule 54.02 of the Tennessee Rules of Civil Procedure in arguing that unless the trial court makes an express determination that there is no just reason for delay and that the judgment is a final judgment, the order is subject to revision and cannot be appealed. The plaintiff maintains that the probate court's order of October 18, 2001 cannot be regarded as a final judgment because the order did not contain the certification required by Rule 54.02.

Again, we are not persuaded by the plaintiff's contention. In our view, Rule 54.02 does not apply to this case because the only issue before the trial court at the time was whether the decedent had a valid will. The trial court found that none of the three instruments were valid wills, and thus the order was final for purposes of appeal. It is apparent based on the scant record before us that the case did not involve multiple claims that needed to be resolved. Accordingly, it was not necessary for the trial court to make the certification required by Rule 54.02.

Finally, we wish to note that we agree with the plaintiff's observation that it is important to establish a degree of certainty as to the finality of intestacy orders so that parties know when to appeal. To that end, we embrace an observation made by a court more than a century ago: "[W]hen a will has been propounded by a party interested, and fairly rejected on the merits, it would defeat the policy of the law, and be productive of many mischiefs, if it could be again propounded by the same party or by others who might be interested, and the contest thus renewed from time to time."

Shultz v. Shultz, 51 Va. (10 Gratt.) 358 (1853). It seems to us that once a court has determined that a will should not be admitted to probate, it would indeed be "productive of many mischiefs" to allow a contest essentially raising the same issues after the time for appeal has passed. Thus, a judgment rejecting a will "must be regarded as a judgment against all claiming under it . . . which, being adjudications upon the subject matter, are regarded as final and conclusive not only in the courts in which they are propounded, but all others in which the question arises." Jack W. Robinson, Sr. and Jeff Mobley, 1 Pritchard on the Law of Wills and Administration of Estates § 340 (5th ed. 1994). Accordingly, we hold that when a court rejects all purported wills submitted for probate and enters an order finding that the deceased died intestate, the order constitutes a final order for purposes of appeal.

### Conclusion

After carefully considering the record and relevant authorities, we conclude that the lower courts correctly found that the trial court's order of October 18, 2001, was a final order that had to be appealed, if at all, within thirty days.[5] Since the notice of appeal in this case was filed beyond thirty days, the Court of Appeals correctly dismissed the appeal as untimely. Accordingly, the judgment of the Court of Appeals is affirmed. Costs of this appeal are taxed to the plaintiff, Jeff Henderson, for which execution may issue if necessary.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE

---

[5] We do not decide in this appeal the intrinsic correctness of the trial court's decision to reject the three wills, as that issue is not before us. Even if the issue had been raised in a timely appeal, we would be unable to decide it because no transcript or statement of the evidence has been filed. In the absence of a transcript or statement of the evidence, a presumption arises that there was sufficient evidence to support the trial court's judgment. Mfrs. Consol. Serv. v. Rodell, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000).