IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 1, 2011 Session

## CHARLES BRAUN v. NITA LYNN BRAUN

**Appeal from the General Sessions Court for Roane County**
**No. 9774A      Dennis W. Humphrey, Judge**

**No. E2011-01401-COA-R3-CV-FILED-NOVEMBER 1, 2011**

In this divorce case involving a minor child of the parties and the appellant Charles Braun's stepson, the record before us does not contain a permanent parenting plan certified by the trial court clerk as being entered by that court. Furthermore, the record affirmatively shows that the trial court has not yet made a final decision as to an amount of child support to be paid by Charles Braun. Therefore, we are persuaded that there is no final judgment in this case. Accordingly, the appellant's appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Robert W. Wilkinson, Oak Ridge, Tennessee, for the appellant, Charles Braun.

Lisa A. White, Knoxville, Tennessee, for the appellee, Nita Lynn Braun.

**MEMORANDUM OPINION**[1]

The "final decree of divorce" was entered by the trial court on May 9, 2011. It incorporates, by reference, "findings of fact and conclusions of law and order to prepare final decree of divorce" ("the incorporated order") apparently entered by the trial court following a trial on December 1, 2010. This case involves two children; one of the children is Mr. Braun's biological child and the other is his stepson. In the incorporated order, the trial court decreed as follows:

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

> The Court proposes imputing to Mr. Braun thirty days of parenting time with [the stepson] and sets for calculation of child support such number of days as his time with [the stepson]. His parenting time with [the son] shall be every other weekend. Without a presumption of correctness, the support for the children shall be set at $600 a month, all matters subject to appeal, and a conference between the parties be scheduled within a month after entry of this Order. If needed, permission to appeal, is granted. On the issue of Mr. Braun being required to pay child support for [the stepson], should permission of the Court be required, such is certainly granted.

As can be seen, the record before us fails to reflect a *final* setting of child support. Furthermore, the record does not contain a permanent parenting plan certified as such by the trial court clerk although counsel for Mr. Braun has included with a motion to supplement the record what he asserts is the permanent parenting plan of the parties. It is clear to us that the trial court's judgment of May 9, 2011, from which this appeal is being pursued is not a final judgment.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " ***In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." ***In re Estate of Henderson***, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See* ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from a judgment that was not final, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Charles Braun.

PER CURIAM