# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 10, 2012 Session

## REBECCA L. INMAN v. JAMES A. INMAN, ET AL.

### Appeal from the Chancery Court for HamblenCounty
### No. 2010647    Thomas R. Frierson, Chancellor

---

### No. E2011-01748-COA-R3-CV-FILED-JANUARY 10, 2012

---

A show cause order was entered in this case on November 21, 2011, directing the pro se appellant to show cause why this appeal should not be dismissed as premature. The appellant has responded to the show cause order within the time specified, but the argument presented in the response does not appear to present good cause for maintaining this case in this court. The review of the record reveals that the judgment to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). Specifically, the order of dismissal does not address the counterclaims filed by the appellees below or finally resolve the award of attorneys' fees to the appellees. Accordingly, we dismiss the appeal as premature.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J.; HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., J.

Rebecca L. Inman, Knoxville, Tennessee, pro se appellant.

Matthew Wayne Sexton and Jill Spond, Morristown, Tennessee, for the appellee, James A. Inman.

Frank P. Cantwell, Jr., Morristown, Tennessee, for the appellees, Jerry Burke, the Burke Family Trust, the Ailey Family Trust, and Tiffany Kristie and Dwayne Sliger, Co-Executors of the Estate of Jerry Keith Anderson, Deceased.

# MEMORANDUM OPINION[1]

The pro se Plaintiff filed a complaint requesting the "Establishment of Boundary Lines." The Defendants asserted that the Plaintiff lacked standing to maintain the action in that she had previously sold her one-third interest in the one acre of land that is the subject of the lawsuit. A counterclaim was asserted that the Plaintiff had slandered the title of the Defendants. The Plaintiff contended that she had not sold her interest in the property.

In the trial court's order of dismissal, the Plaintiff's complaint was dismissed with prejudice and she was found responsible for payment of the Defendants' attorneys' fees and costs. The order specifically provided that "[a]ll other matters are hereby reserved pending further orders of this Court." The Plaintiff thereafter filed this appeal.

The record reveals that the judgment to which the notice of appeal is directed is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from an order that was not a final judgment, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

## CONCLUSION

The appeal of this matter is dismissed and this case is remanded to the trial court.

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Costs on appeal are taxed to the appellant, Rebecca L. Inman.


PER CURIAM