# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 14, 2011

## REBECCA WEBB v. MARK THOMAS WEBB

**Appeal from the Chancery Court for Bedford County**
**No. 26910     J. B. Cox, Chancellor**

_____

**No. M2010-01714-COA-R3-CV - January 30, 2012**

_____

Father in divorce action appeals trial court's designation of Mother as primary residential parent and division of marital property.  Because the order appealed does not resolve all claims, we dismiss the appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Mark Webb, Santa Monica, California, Pro Se.

Randall W. Morrison, Tullahoma, Tennessee, for the Appellee, Rebecca Webb.

### MEMORANDUM OPINION[1]

Rebecca Webb ("Mother") instituted this divorce proceeding in Bedford County Chancery Court against Mark Thomas Webb ("Father") on the grounds of inappropriate marital conduct and irreconcilable differences; among other things, Mother sought to be named the primary residential parent of the parties' two children and an equitable division of marital property.  Father filed a counter-petition seeking a divorce on the same grounds, to be named primary residential parent, and to have the court make an equitable division of

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

marital property. On July 9, 2010, the court entered an Order, *inter alia,* declaring the parties divorced and dividing the marital property.

> With respect to the designation of a primary residential parent, the July 9 order stated:

> The Court believes that the Plaintiff/Mother, Rebecca Webb, shall be awarded primary residential parent. This decision is contingent upon the psychiatric evaluation of the Mother for her depressive mental disorder. Should her depressive disorder be found to be inadequately controlled to the extent that it is probable that she cannot effectively parent an eleven-year-old child, then the Father may motion the Court for reconsideration of the decision made here today on residential parenting time between the parties. . . .

The order stated that the court "implemented" two parenting plans, with the residential parenting schedule to be dependent on whether Father remained in Bedford County or relocated to Santa Monica, California. The record does not contain a permanent parenting plan or residential parenting schedule.

A Notice of Appeal was filed on behalf of Father on August 6; the notice specifies the July 9 order as the order being appealed. In his brief on appeal, Father takes issue with the designation of Mother as primary residential parent of their child[2] and with the division of marital property.

The record filed with this court contains several documents filed with the trial court after the date the appeal was taken, including an Agreed Order to Continue a hearing on a Motion to Clarify from September 3, 2010 to September 17 and an Agreed Order entered October 15[3] reciting, in pertinent part:

> 1. It appears that this Honorable Court will allow defendant, Mark T. Webb to obtain a psychiatric evaluation of Rebecca Webb in regard to her ability to parent the parties' minor child.
> * * *

---

[2] The oldest child reached the age of majority during the pendency of the divorce action.

[3] This order states that it is reflecting the action taken at the September 17 hearing on Mother's Motion for Psychological Evaluation of Defendant and Father's Motion to Clarify. Neither motion is in the record.

3. Plaintiff, Rebecca Webb, may also have a psychiatrist or psychologist evaluate Defendant, Mark T. Webb, at her expense for his ability to parent the parties' minor child.

4. This Order and the evaluation of both parties' separate examinations as indicated above will be filed with the Tennessee Court of Appeals to be included as part of the record.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain*, No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The order from which the appeal is taken is not final. The designation of Mother as primary residential parent in the July 9 order is expressly contingent on a psychiatric evaluation of her, thereby making the order subject to revision. Further, it is not clear from the October 15 order why the trial court ordered the mental evaluations of the parties to be filed as part of the record in this court.[4] To the extent the evaluations, if taken, bear on the designation of either party as primary residential parent or in setting a residential parenting schedule, the trial court, in the first instance, must make that determination.

For the foregoing reasons, we DISMISS the appeal without prejudice to the filing of a new appeal after a final judgment has been entered. The case is remanded for further proceedings consistent with this opinion and entry of a final order.

Costs are taxed to Appellant, Mark Thomas Webb, for which execution may issue.

_____
RICHARD H. DINKINS, JUDGE

---

[4] Neither party has raised an issue of the trial court's consideration of matters after the filing of the Notice of Appeal. The court's consideration of the motions referenced in the October 15 order, however, reflects the lack of finality of the July 9 order.

-3-