# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 29, 2015 Session

## CONNIE L. WATSON v. RUBY ANNE PIKE

### Appeal from the Chancery Court for Bradley County
### No. 2012CV225    Jerri Bryant, Chancellor

### No. E2014-02057-COA-R3-CV-FILED-APRIL 29, 2015

This is an appeal from an order granting a new trial in a Will contest proceeding initiated by the appellant, Connie Louise Watson ("Watson"), seeking to invalidate the Last Will and Testament executed by her father, Noah Richard Earls, Sr. ("Decedent"), in which the appellee, Ruby Anne Pike ("Pike"), was appointed the Decedent's Personal Representative and Executrix of his estate. Because the order on appeal contemplates further proceedings in the Trial Court, it is not a final order and we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., C.J., AND D. MICHAEL SWINEY, J.

Sarah E. Kennedy, Athens, Tennessee, for the appellant.

Bert H. Bates, Cleveland, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

The Decedent executed a Last Will and Testament on March 29, 2010, leaving portions of his estate to his three children, Pike, Watson and their brother, Noah Richard Earls, Jr. On June 10, 2010, Decedent executed a Codicil to his March 29, 2010 Will in which he disinherited Watson except for $2,500.00 which Decedent characterized as

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

reimbursement "for land taxes she assisted me in paying for 2008 and 2009." On December 13, 2010, following the death of Noah Richard Earls, Jr., Decedent executed a new Will which completely disinherited Watson, leaving her nothing, not even the $2,500.00 previously mentioned in the June 10, 2010 Codicil to the March 29, 2010 Will. The December 13, 2010 Will appointed Pike as Decedent's Personal Representative and Executrix of his estate.

Following the Decedent's death, Pike offered the December 13, 2010 Will for probate. Watson filed a Notice of Contest in the probate action asking that the Trial Court certify for a jury trial the issue of the validity of the December 13, 2010 Will, "or any earlier dated Last Will and Testament, if applicable." Pike filed a motion to dismiss Watson's Will contest on the basis that she lacked standing to contest the December 13, 2010 Will because under the prior March 29, 2010 Will and June 10, 2010 Codicil, Watson would still be entitled to no part of Decedent's estate as she was disinherited by Decedent under those prior instruments. Upon review of Pike's motion to dismiss, the Trial Court certified for a jury trial Watson's Will contest as to all "competing instruments." The Trial Court concluded that it was "a jury question for the jury to decide which wills and codicils taken together constitute the [D]ecedent's last valid will and testament." The Trial Court further concluded that Watson had standing to pursue the Will contest because she would have inherited under the terms of the March 29, 2010 Will.

A jury trial was held concerning the Will contest, and the jury concluded that both the December 13, 2010 Will and the June 10, 2010 Codicil to the March 29, 2010 Will were procured by undue influence and therefore invalid. Pike timely filed a motion for new trial and motion to alter or amend the judgment. By order entered on September 22, 2014, the Trial Court granted a new trial in the Will contest on grounds that "the weight of the evidence is against the jury's verdict on the issue of [Decedent] receiving independent advice and being free from undue influence at the time of the execution of the will." The Trial Court also specifically stated in the order granting a new trial that Watson had "standing to challenge the will in this case," thereby rejecting one of the arguments made by Pike in her post-judgment motions.

Watson filed a Notice of Appeal from the September 22, 2014 order. After reviewing the record for this appeal, and receiving from the parties competing applications for permission to appeal filed pursuant to Rule 9 of the Rules of Appellate Procedure seeking review of the September 22, 2014 order, this Court learned that there was no final judgment entered in the Will contest. Watson was directed to show cause why this appeal should not be dismissed as premature. In her response to the show cause order, Watson conceded that the September 22, 2014 order is not a final judgment from which an appeal as of right would lie, but asked this Court to allow the appeal to proceed so that the issues presented by this

case may be considered along with the issues raised in the Rule 9 applications for interlocutory appeal filed by the parties.

The Rule 9 applications for permission to appeal from the September 22, 2014 order have both been denied by this Court. *See Watson v. Pike*, No. E2015-00115-COA-R9-CV (Tenn. Ct. App., Eastern Section, Apr. 2, 2015) (order); *Watson v. Pike*, No. E2015-00116-COA-R9-CV (Tenn. Ct. App., Eastern Section, Apr. 7, 2015) (order). As such, their pendency no longer provides a basis upon which to argue for the continuation of this appeal.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because it is clear that there is no final judgment in this case "adjudicating all the claims, rights, and liabilities of all parties," Tenn. R. App. P. 3(a), this appeal is dismissed. Costs on appeal are taxed to the appellant, Connie L. Watson, and her surety, for which execution may issue if necessary.

**PER CURIAM**