IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2016 Session

## PAUL D. KENNAMER, SR., ET AL. v. BETHANY E. CHAFFIN, ET AL.

**Circuit Court for Hamilton County**
**No. 13C1598    W. Jeffrey Hollingsworth, Judge**

---

**No. E2016-01417-COA-R3-CV-FILED-SEPTEMBER 13, 2016**

---

This is an appeal from an order dismissing the claims made by the appellant, Paul D. Kennamer, Sr., against the appellees, Bethany E. Chaffin and Maria Kishimoto. Because the claims raised by Dorothy Kennamer in the Amended Complaint remain pending against the appellees, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J.

Paul D. Kennamer, Sr., Grant, Alabama, appellant, pro se.

Lauren Michelle Turner, Chattanooga, Tennessee, for the appellees, Bethany E. Chaffin and Maria Kishimoto.

**MEMORANDUM OPINION**[1]

This Court was alerted, prior to transmission of the record, that the order on appeal did not resolve all the claims, rights, and liabilities of the parties at issue in the

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

proceedings below.  Because the order also did not "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," Tenn. R. Civ. P. 54.02, this Court directed the appellant to show cause why this appeal should not be dismissed as premature.  The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).  "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a).  Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal.  *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Accordingly, this appeal is dismissed.  Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**

2