FILED
11/09/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 1, 2017 Session

**JASON DONALDSON v. SUSAN DONALDSON**

**Appeal from the Chancery Court for Anderson County**
**No. 15CH7578    M. Nichole Cantrell, Chancellor**

**No. E2017-01806-COA-R3-CV**

This is an appeal from an order granting a motion filed pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The order on appeal vacated and set aside the Final Decree of Divorce, Permanent Parenting Plan and Marital Dissolution Agreement previously entered by the Trial Court in the proceedings below. The appellee has filed a motion to dismiss this appeal arguing that the lack of a final judgment deprives this Court of jurisdiction. We agree and grant the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Sal W. Varsalona, Clinton, Tennessee, for the appellant.

Lauren Biloski, Clinton, Tennessee, for the appellee.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Even though the record has not yet been transmitted for this appeal, it is apparent from the Notice of Appeal filed by the appellant and the appellee's motion to dismiss that there is not a final appealable judgment in this case. We also construe the appellant's decision to file no response in opposition to the motion to dismiss as a concession that there is not a final appealable judgment in this case. As such, the motion to dismiss is well-taken.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there is no order in this case resolving any of the claims at issue between the parties, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made by the appellant in support of suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry. See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Because this Court lacks jurisdiction to consider this appeal, the motion to dismiss is granted and this case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to the appellant, Jason Donaldson, for which execution may issue if necessary.

**PER CURIAM**