IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 3, 2021

**FLORA GORDON v. CHERIE FELPS HARWOOD ET AL.**

**Appeal from the Circuit Court for Hamilton County**
**No. 15C371   Ward Jeffrey Hollingsworth, Judge**

——————————————————————

**No. E2021-00459-COA-R3-CV**

——————————————————————

The notice of appeal filed by the appellant, Flora Gordon, stated that the appellant was appealing the judgment entered on April 1, 2021.  Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3; Appeal Dismissed**

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Flora Jeanne Gordon, Chattanooga, Tennessee, pro se appellant.

C. Douglas Dooley, Chattanooga, Tennessee, for the appellee, Anilate Pest Services, LLC.

William J. Rieder, Chattanooga, Tennessee, for the appellees, Cherie Felps Harwood, John Alonzo Felts, and Betty J. Felts Revocable Living Trust Agreement.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The appellant responded to our show cause order, but failed to show that a final judgment had been entered. The appellee, Anilate Pest Services, LLC, responded to the appellant's response and moved to dismiss this appeal for lack of a final judgment.

The order appealed from does not appear to be a final appealable judgment because it granted summary judgment only as to the claims against Anilate Pest Services, LLC. The order denied summary judgment as to the other defendants and stated that claims remain pending against Cherie Felps Harwood, John Alonzo Felts, and Betty J. Felts Revocable Living Trust Agreement.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Flora Jeanne Gordon, for which execution may issue.

**PER CURIAM**