IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 16, 2021

## DONALD EUGENE WINDER, III v. KARA ELIZABETH WINDER

**Appeal from the General Sessions Court for Meigs County**
**No. D-1738   Casey Mark Stokes, Judge**

_____

**No. E2021-00490-COA-R3-CV**

_____

A review of the record on appeal reveals that the order appealed from does not constitute a final appealable judgment. As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Romulus Linney Meares, Maryville, Tennessee, for the appellant, Kara Elizabeth Winder.

Robert Louis Jolley, Jr., Knoxville, Tennessee, for the appellee, Donald Eugene Winder.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, in its order entered on April 9, 2021, the trial court found that the "attached" agreed parenting plan was in the best interest of the children, but failed to attach the permanent parenting plan to the order. *See, Hawk v. Hawk*, No. E2015- 01333-COA-R3-CV, 2016 WL 901518, at *10 (Tenn. Ct. App. March 9, 2016) ("However, we agree that the court erred by failing to craft a permanent parenting plan and child support worksheet that incorporated its modifications. Tenn. Code Ann. § 36–6–404(a). We remand this case for entry of a permanent parenting plan and a child support worksheet."). Furthermore, the April 9, 2021 order does not have attached a current child support worksheet showing the calculation of child support. *See, e.g., Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017) ("we conclude that because the trial court in its judgment has modified the residential co-parenting schedule but failed to address the issue of a corresponding modification in child support, the judgment is not final. We therefore do not have subject matter jurisdiction to consider this appeal."). Additionally, the April 9, 2021 order does not comply with Tenn. R. Civ. P. 58 regarding entry of judgment in that while it contains the signature of the judge and the signature of counsel for one party, it fails to contain a certificate showing it had been served upon all parties or counsel. As such, pursuant to Tenn. R. Civ. P. 58, the April 9, 2021 order appears to be not effective.

Appellant responded to our show cause order and conceded that the April 9, 2021 order is not a final judgment. Appellant requests that this Court suspend the finality requirement and consider this appeal absent a final judgment. We, however, do not find good cause to suspend the finality requirement in this case as the lack of a permanent parenting plan and child support worksheet would hinder this Court's review of any issues regarding parenting.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As there is no final appealable judgment, the appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Kara Elizabeth Winder, for which execution may issue.

**PER CURIAM**