FILED
09/15/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2021

**IN RE KENDALL K.**

**Appeal from the Chancery Court for Robertson County**
**No. CH17-CV-374  Ted A. Crozier, Judge**
_____

**No. M2021-00204-COA-R3-PT**
_____

An issue regarding attorney's fees remains pending.  As such, the order appealed from does not constitute a final appealable judgment, and this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Kimberly Reed-Bracey Johnson, Goodlettsville, Tennessee, for the appellants, Jeffrey K. and Victoria K.

David L. King and Wende J. Rutherford, Nashville, Tennessee, for the appellee, Haley F.

Jennifer L.E. Williams, Springfield, Tennessee, guardian ad litem.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court reviewed the record to determine whether this Court has jurisdiction to consider the appeal.  This case was initiated when Jeffrey K. and Victoria K.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Petitioners") filed a petition in the Chancery Court for Robertson County ("the Trial Court") seeking, among other things, to terminate the parental rights of Haley F. ("Mother") to the minor child Kendall K. ("the Child"). After trial, but before the Trial Court entered its judgment, Mother filed a motion for parenting time in the Juvenile Court for Robertson County. Petitioners then filed a motion in the Trial Court to enjoin and restrain Mother from filing improper pleadings concerning the Child while the Trial Court had the case under advisement. By Order entered May 11, 2020, the Trial Court granted Petitioner's motion to enjoin and restrain Mother from filing improper pleadings. Mother then filed in the Trial Court a notice of filing completion of probation. Petitioners moved to strike the notice alleging that Mother had been ordered not to file pleadings, that the proof had been concluded, and that Mother had not moved to reopen the proof.

In November of 2020, Mother filed a motion for parenting time in the Trial Court. Mother also filed a motion to reopen the proof. Petitioners responded to Mother's motion to reopen the proof and her motion for parenting time and requested attorney's fees for having to respond to motions filed by Mother in "direct contravention" of the Trial Court's order enjoining and restraining Mother from filing pleadings. On December 21, 2020, the Trial Court entered an order denying Mother's motion to reopen the proof and denying Mother's motion for parenting time "based upon prior Orders of the Court banning the filing of new pleadings . . . ."

On January 5, 2021, Mother filed another motion to reopen proof or to dismiss the petition seeking to terminate Mother's parental rights. Petitioners responded to Mother's January 5, 2021 motion and requested attorney's fees as a sanction for having to defend against Mother's motions for a third time.

The Trial Court entered an order on February 9, 2021, finding, *inter alia*, that it had not been proven by clear and convincing evidence that it was in the Child's best interest to terminate Mother's parental rights. On February 11, 2021, two days later, the Trial Court entered an order on Mother's motion to reopen the proof or to dismiss, which found that the motion was a repeat of Mother's prior motion and was denied. In the February 11, 2021 order, the Trial Court reserved Petitioner's request for attorney's fees.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because the Trial Court has not yet addressed Petitioners' motion for attorney's fees, the order from which Petitioners seek review is not "a final judgment adjudicating all

the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); s*ee e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at \*4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at \*4 (Tenn. Ct. App. Aug. 25, 2009) ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at \*1 (Tenn. Ct. App. Jan. 12, 1995) ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (footnote omitted)); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, at \*1 (Tenn. Ct. App. Oct. 21, 1994) ("There is nothing in the record before us reflecting that the trial court has awarded a *specific amount* as the 'reasonable attorney's fees incurred in prosecuting' this action. . . . Since there is no order in the record before us *finally* disposing of the Plaintiff's claim for attorney fees at the trial level, the Order from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (emphasis in original) (footnote omitted)).

As there is no final judgment in this case, this Court lacks jurisdiction and the appeal is hereby dismissed. Costs on appeal are taxed to the appellants, Jeffrey K. and Victoria K., for which execution may issue.

**PER CURIAM**