IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 13, 2022

## WESTERN EXPRESS INC. D/B/A WESTERN LOGISTICS v. STATE TO STATE TRANSPORT INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C2477          Kelvin D. Jones, Judge**
———————————————————

**No. M2022-00103-COA-R3-CV**
———————————————————

An interstate motor carrier appeals a $35,777.00 judgment. Because the judgment does not resolve all of the claims between all of the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Samuel Calvin Blink, Nashville, Tennessee, for the appellant, State to State Transport, Inc.

Roland M. Lowell, Nashville, Tennessee, for the appellee, Western Express, Inc.

Dustin McCloud, White House, Tennessee, pro se.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal involves a dispute between two interstate motor carriers, Western Express, Inc. d/b/a Western Logistics ("Western Express") and State to State Transport, Inc. ("State to State"). Western Express filed a complaint against State to State, Dustin McCloud, and Does 1-10 seeking a declaratory judgment, damages in an amount to be determined at trial, treble damages, and attorney's fees. State to State filed a counterclaim seeking damages for breach of contract, conversion, and unjust enrichment. On December 11, 2020, the trial court entered a default judgment against Mr. McCloud, but did not set the amount of any damages. Following a jury trial, the trial court awarded Western Express a judgment against State to State in the amount of $35,777.00. The trial court denied State to State's motion for a new trial, and State to State filed a notice of appeal to this Court.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Est. of Henderson*, 121 S.W.3d at 645.

This Court received the record on March 3, 2022. After reviewing the record, the Court determined that the judgment appealed was not final. First, the judgment does not address the Western Express's claims for a declaratory judgment, treble damages, or attorney's fees. The judgment also fails to address the amount of damages to be awarded against Mr. McCloud, or any claims against Does 1-10. Finally, while the jury's verdict appears to address State to State's counterclaim, the trial court's judgment does not dispose of the counter-claim.

On March 8, 2022, we ordered the parties either to obtain a final judgment disposing of the remaining claims within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have passed, the parties have not responded to the show cause order, and the trial court clerk has notified the Court that there have been no further filings in the trial court.

Thus, the appeal is dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to State to State Transport, Inc.

PER CURIAM

- 2 -