IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2026 Session

## CONTRACK WATTS, INC. v. RELYANT GLOBAL, LLC

**Appeal from the Circuit Court for Blount County**
**No. L-21314          David Reed Duggan, Judge**

_____

### No. E2025-00933-COA-R3-CV

_____

Because the orders from which the appellant has filed an appeal do not constitute a final, appealable judgment, this Court lacks subject matter jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; THOMAS R. FRIERSON, II, J.; and KRISTI M. DAVIS, J.

James H. Price, Christopher T. Cain, and Michael R. Franz, Knoxville, Tennessee, for the appellant, Relyant Global, LLC.

Jeffrey C. Smith, Memphis, Tennessee, for the appellee, Contrack Watts, Inc.

### MEMORANDUM OPINION[1]

The appellant, Relyant Global, LLC ("Appellant"), filed a notice of appeal with this Court in June 2025, which states that Appellant is appealing the December 9, 2024 and May 23, 2025 orders of the Blount County Circuit Court ("trial court"). Upon receiving the appellate record in this appeal, this Court reviewed the record to determine whether the Court has subject matter jurisdiction over the appeal pursuant to Tennessee Rule of Appellate Procedure 13(b). Based on that review, we determine that the orders appealed

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

from do not constitute a final judgment subject to an appeal as of right under Tennessee Rule of Appellate Procedure 3.

The appellee, Contrack Watts, Inc. ("Appellee"), filed a "Second Amended Petition for Confirmation of Arbitration Award and Entry of Judgment" wherein Appellee requested an award of attorney's fees and the expenses of litigation. However, the trial court's December 9, 2024 order, from which Appellant seeks to appeal, granted Appellee's petition but did not address attorney's fees or litigation expenses. The issue of attorney's fees also was not addressed in the trial court's May 23, 2025 order denying the motion to alter or amend. As such, the orders appealed from do not constitute "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a).

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on October 8, 2025, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not supplemented the appellate record with a final order, nor has it responded to this Court's show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Here, the orders appealed from do not constitute a final judgment because there remains a pending motion for attorney's fees that has not been addressed by the trial court. *See, e.g.*, *E. Solutions for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. Apr. 17, 2018) (finding that an order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final" and holding that because the trial court did not dispose fully and finally of a claim for attorney's fees, this Court lacked jurisdiction); *Grand Valley Lakes Prop. Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *3 (Tenn. Ct. App. Apr. 13, 2009) ("[T]he circuit court did not resolve Grand Valley's request for attorney's fees . . . . As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order."). Therefore, this Court lacks jurisdiction to consider this

appeal and it is hereby dismissed.  Costs on appeal are taxed to Appellant, Relyant Global, LLC, for which execution may issue.

**PER CURIAM**