FILED

03/23/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 18, 2026 Session

## IN RE NAME CHANGE OF JOHN MONTRAIL DARISAW

**Appeal from the Chancery Court for Knox County**
**No. 211910-1      John F. Weaver, Chancellor**

_____

**No. E2025-01560-COA-R3-CV**
_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; KRISTI M. DAVIS, J.; AND WILLIAM E. PHILLIPS, II, J.

John Montrail Darisaw, Knoxville, Tennessee, Pro Se Appellant.

### MEMORANDUM OPINION[1]

The *pro se* appellant, John Montrail Darisaw a/k/a Amrik Ty Bey ("Appellant"), filed a notice of appeal with this Court on October 7, 2025, which states that Appellant is appealing the September 26, 2025 order of the Knox County Chancery Court (the "trial court").[2] The clerk of the trial court provided this Court with a copy of the filing dated September 26, 2025 that consists of Appellant's request for postponement of filing fees by pauper's oath and the trial court's subsequent order denying such request. The aforesaid motion and order are included in the same document, with the request appearing at the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] It appears that Appellant's legal name is John Montrail Darisaw, but he has filed documents in this Court purporting to be Amrik Ty Bey.

beginning of the document and the trial court's order resolving the request at the end. The trial court's order denying Appellant's indigency request reflects that it was signed and entered by the trial court judge on September 29, 2025, but the document has a file-stamp at the beginning of the document reflecting September 26, 2025. Based on the foregoing, it appears that Appellant is attempting to appeal the trial court's order denying his request to be declared indigent.

In the trial court's order being appealed, the trial court denied Appellant's motion to proceed as indigent due to Appellant's "noncompletion of the above affidavit as to [paragraphs six through eleven]." This order does not resolve the merits of the action involving Appellant's request for a name change. Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered two show cause orders on October 31, 2025 and February 27, 2026, directing Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not filed a response to the show cause orders.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed.[3] Costs on appeal are taxed to the appellant, John Montrail Darisaw a/k/a Amrik Ty Bey, for which execution may issue.

**PER CURIAM**

---

[3] We note that Appellant filed a motion to proceed as indigent in this appeal. However, Appellant's alleged indigency does not relieve him from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, Appellant's motion is DENIED as moot.