
# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 10, 2017 Session

## IN RE CAMERON H.

### Appeal from the Circuit Court for Polk County
### No. CV-09-004          J. Michael Sharp, Judge

### No. E2016-01002-COA-R3-PT

The Final Order of Parentage and Adoption in this case reserved the issue of attorney's fees for further hearing. As such, it is clear that the order appealed from does not resolve all of the issues raised in the proceedings below. As a result, we lack jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

J. Allen Murphy, Jr., Cleveland, Tennessee, for the appellant, Chad P.

Joshua H. Jenne, Cleveland, Tennessee, for the appellee, William H.

Matthew C. Rogers, Athens, Tennessee, for the appellee, Jessica L. R.

Brenda L. Perry, Cleveland, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court reviewed the record for this appeal upon transmission to determine whether the Court had subject matter jurisdiction to hear this matter. After determining that the reserved issue of attorney's fees remained unresolved in the Trial Court, this Court directed the appellant to show cause why this appeal should not be dismissed as premature. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there is an unresolved issue in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, * 1 (Tenn. Ct. App., filed Oct. 21, 1994) (dismissing appeal in which there was no order in the record disposing of a party's claim for attorney's fees at the trial level). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made in this case that would support suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Because this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to the appellant, Chad P., and his surety, for which execution may issue if necessary.

**PER CURIAM**