IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 1, 2017 Session

## KIM MAURA BAXSTROM (WEBB) v. KIRK EWING WEBB

**Appeal from the Circuit Court for Hamilton County**
**No. 10D973    W. Neil Thomas, III, Judge**



### No. E2017-01651-COA-R3-CV

This is an appeal from an order granting a motion filed pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. Because the order does not resolve all issues raised in the proceedings below, this appeal is dismissed for lack of jurisdiction without prejudice to the filing of a new appeal once a final judgment has been entered.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Catherine M. White, Chattanooga, Tennessee, for the appellant.

Jennifer K. Peck, Chattanooga, for the appellee.

### MEMORANDUM OPINION[1]

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court reviewed the record for this appeal upon transmission to determine whether the Court had subject matter jurisdiction to hear this case. After determining that there were unresolved

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

issues in the Trial Court, the Court directed the appellant to show cause why this appeal should not be dismissed as premature. Counsel for the appellant has filed a response to the show cause order in which she argues that the appeal should be permitted to go forward because the Rule 60 motion for relief was improperly granted. Counsel asserts that the case will be concluded if this Court determines that the Rule 60 motion was granted in error. Counsel for the appellee argues in a reply to the appellant's response that the order on review is not an appealable order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, counsel has not presented a meritorious argument in favor of suspension of the requirements of the Rule 3(a). *See id.* (noting that "there must be a good reason for suspension").[2]

Accordingly, because this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to the appellant, Kim Maura Baxstrom, and her surety, for which execution may issue if necessary.

**PER CURIAM**

---

[2]We note that the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).