# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 18, 2018 Session

## R.C. EX REL. ADAM ELROD v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 20101747      William A. Young, Commissioner**

---

## No. E2017-01529-COA-R3-CV

---

This action involves a claim filed against the State of Tennessee with the Tennessee Claims Commission. The Commissioner ultimately dismissed the claim with prejudice for failure to advance the case to disposition. The claimant filed a motion for relief from the judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.[1] The claimant then filed a notice of appeal before the Commissioner ruled upon the motion. We dismiss the appeal for lack of subject matter jurisdiction and remand for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;
### Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

Gregory E. Bennett, Seymour, Tennessee, and Mary L. Ward, Knoxville, Tennessee, for the appellant, R.C. ex rel. Adam Elrod, as next friend.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Stephanie A. Bergmeyer, Assistant Attorney General, for the appellee, State of Tennessee.

---

[1] "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment."

# MEMORANDUM OPINION[2]

Adam Elrod ("Claimant"), as next friend for R.C., a minor child, filed this action against the State of Tennessee ("the State") on June 1, 2010. The claim was transferred to the Tennessee Claims Commission ("the Commission") in August 2010. The Commission entered a notice of receipt of claim, which stated:

> The claimants or the claimants' attorney must take the initiative in the prosecution of this claim. Please take notice of Tennessee Code Annotated section 9-8-402(b), which provides in part, "Absent prior written consent of the Commissioner, it is mandatory that any claim filed with the claims commission upon which no action is taken by the claimant to advance the case to disposition within any one (1) year period of time be dismissed with prejudice."

The State denied liability. A scheduling order was entered in May 2011, and amended orders were entered on October 12, 2011, and October 15, 2012. An agreed protective order was also entered in October 2012.

At some point, the Parties mutually agreed to allow Claimant to pursue a related action in circuit court in 2011 or 2012. Claimant asserts that the agreement extended until the resolution of the circuit court case, while the State claims that the agreement was for an unspecified time. Nevertheless, Claimant alleges that he indicated his intent to pursue the case on May 8, 2013. Claimant asserts that he received no response from the State, while the State argues that it advised Claimant to respond to discovery. On September 4, 2015, Claimant advised the Commissioner's office that an agreement had been reached to "leave [the] claim idle pending the outcome of the civil suit."

The circuit court case concluded on May 10, 2016. The Parties disagree as to the extent of their conversations concerning the advancement of the claim following May 10. On May 26, 2017, the State moved to dismiss, citing Section 9-8-402(b). The Claims Commissioner dismissed the claim on July 3, finding that dismissal was warranted because written consent had not been obtained to hold the claim in abeyance.

---

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Claimant filed a Rule 60.02 motion for relief on July 14, and a notice of appeal on August 3. On September 11, the Claims Commission held that it was without jurisdiction to consider the Rule 60.02 motion due to the filing of the notice of appeal. This appeal followed.

Claimant asserts that the Commissioner erred in dismissing the claim but alternatively requests Rule 60.02 relief based upon his excusable neglect. The State responds that dismissal was supported by the record and that this court is without original jurisdiction to consider any claims for Rule 60.02 relief that were not heard by the Claims Commissioner.

We must first consider whether this court lacks subject matter jurisdiction. *See* Tenn. R. App. P. 13(b) (providing this court with the authority to consider whether subject matter jurisdiction is present whether or not the issue is raised on appeal). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides:

> Any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is *not enforceable or appealable* and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(Emphasis added.). Indeed, "[a] final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. Nov. 4, 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). The order appealed from in this case was not a final judgment because all issues before the Claims Commission had not yet been resolved. Accordingly, the notice of appeal was prematurely filed prior to the resolution of the Rule 60.02 motion, thereby depriving this court of subject matter jurisdiction.

With the above considerations in mind, we dismiss the appeal for lack of subject matter jurisdiction without prejudice to the filing of a new appeal upon entry of a final judgment by the Claims Commission. We remand this case for further ruling upon the Rule 60.02 motion. Costs of the appeal are taxed one-half to the appellant, R.C. ex rel. Adam Elrod, as next friend, and one-half to the appellee, the State of Tennessee.

_____
JOHN W. McCLARTY, JUDGE