IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 7, 2018

## EARL VANTREASE, JR. v. TENNESSEE BOARD OF PAROLE, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 16C-365 Amanda Jane McClendon, Judge**

_____

### No. M2016-01384-COA-R3-CV

_____

This is an appeal from an order dismissing one of several defendants. Because the order does not dispose of the plaintiff's claims against all of the defendants and because the trial court has not yet ruled on the plaintiff's Tenn. R. Civ. P. 59 motion to alter or amend, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Earl Raymond Vantrease, Jr., Whiteville, Tennessee, pro se.

Thomas Jon Aumann, Nashville, Tennessee, for the appellee, Tennessee Board of Parole.

### MEMORANDUM OPINION[1]

This appeal arises out of an inmate's complaint for damages and injunctive relief under 42 U.S.C. § 1983. The inmate, Earl Raymond Vantrease, Jr., names as defendants the Tennessee Board of Parole, the Tennessee Department of Correction, and numerous individuals. On May 31, 2016, the trial court entered an order dismissing the Tennessee

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Board of Parole on the grounds the Board is not a person subject to suit under 42 U.S.C. § 1983. Mr. Vantrease filed a motion to alter or amend the judgment on July 5, 2016. On the same date, Mr. Vantrease filed a notice of appeal "from any dismissal or adverse ruling." The notice acknowledges that it is "prematurely filed, at least until any adverse ruling on [the] motion to amend judgment, if any." The trial court never ruled on the motion to alter or amend and no further relevant activity occurred in the trial court until the trial court clerk transmitted the record to this court on June 6, 2018.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. In addition, the trial court retains jurisdiction to rule on a timely filed Tenn. R. Civ. P. 59 motion to alter or amend, and a notice of appeal filed prior to the trial court's ruling on such a motion is deemed premature. Tenn. R. Civ. P. 4(e). Here, the Tenn. R. Civ. P. 59 motion and the claims against several defendants remain pending. Mr. Vantrease is thus not yet entitled to an appeal as of right.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The trial court should enter an order disposing of the Tenn. R. Civ. P. 59 motion and any other pending issues as expeditiously as possible. The costs of the appeal are taxed to Earl Raymond Vantrease, Jr.

PER CURIAM