IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2020

## ALEXANDRA MATTIE STEADMAN V. CHRISTOPHER JOHN SAKACSI

**Appeal from the Circuit Court for Sullivan County**
**No. C42621(R)        William K. Rogers, Judge**

_____

**No. E2020-00977-COA-R3-CV**

_____

The notice of appeal filed by the appellant, Alexandra Mattie Steadman, stated that the appellant was appealing the judgment entered on July 10, 2020.  As the July 10, 2020 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Lindsay Kathryn Earhart, J. Matthew King, and Matthew Alan Spivey, Kingsport, Tennessee, for the appellant, Alexandra Mattie Steadman.

Robert Brandon White, Seymour, Tennessee, for the appellee, Christopher John Sakacsi.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, the notice of appeal filed on July 21, 2020, states that the appellant, Alexandra Mattie Steadman, is appealing the judgment entered on July 10, 2020. The July 10, 2020 order, however, does not appear to be a final appealable judgment as it merely finds that jurisdiction is appropriate in Sevier County and transfers the case "for adjudication on all issues regarding the minor child to be heard in Sevier County, Tennessee."

The appellant filed a response to our show cause order, in which appellant argues that the July 10, 2020 order acted as a "de facto dismissal of all claims asserted by the Appellant." Appellant is mistaken. As our Supreme Court has explained: "It is well-settled that a trial court speaks through its written orders - not through oral statements contained in the transcripts - and that the appellate court reviews the trial court's written orders." *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015) (quoting *Anil Constr. Inc. v. McCollum*, No. W2013–01447–COA–R3–CV, 2014 WL 3928726, at *8 (Tenn. Ct. App. Aug. 7, 2014) (footnote omitted). A review of the July 10, 2020 order shows that the trial court dismissed no claims, but rather simply transferred the case to Sevier County for adjudication. The case still is pending in Sevier County, and appellant is free to raise and pursue appropriate claims in the case in Sevier County.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). Because the July 10, 2020 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed.[2] Costs on appeal are taxed to the appellant, Alexandra Mattie Steadman, for which execution may issue.

**PER CURIAM**

---

[2] In her response to our show cause order, appellant asks that this Court convert her appeal into a Rule 9 interlocutory appeal. Appellant has failed to comply with Tenn. R. App. P. 9 and has provided no reason whatsoever justifying such a conversion. In the exercise of our discretion, we decline to convert this appeal into a Rule 9 interlocutory appeal.