IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 12, 2021

## CARLA BROWN v. JEREMY BRITTENUM

**Appeal from the Circuit Court for Davidson County**
**No. 19C-392    Amanda Jane McClendon, Judge**

_____

### No. M2019-01466-COA-R3-CV
_____

The defendant appeals from an order granting the plaintiff possession of real property and back rent. Because the order does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Jeremy Brittenum, Nashville, Tennessee, pro se.

Carla Brown, Nashville, Tennessee, pro se.

### MEMORANDUM OPINION[1]

This appeal involves a detainer warrant. On July 9, 2019, the trial court entered an order granting the plaintiff, Carla Brown, possession of the property and back rent. The order provides that "[a]fter the property is restored to the possession of Plaintiff Carla Brown, the Court will have a separate hearing as to other damages." Ms. Brown filed a Motion for Damages Hearing on August 7, 2019. The defendant, Jeremy Brittenum, filed his notice of appeal on August 9, 2019. On September 27, 2019, the trial court acknowledged that it had not entered a final judgment, but continued a hearing on Ms. Brown's damages claims indefinitely pending further action by this Court.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of*

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

*Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The July 9, 2019 order is not a final judgment because it does not dispose of Ms. Brown's damages claims. We recognize that the order includes a handwritten provision stating "this is a final judgment as to possession, justice so requiring it." However, this statement does not create a final judgment. While the trial court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties, it may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02. This order does not contain the express determination and direction required by Rule 54.02. *See Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010) (holding that an order omitting the "magic language" under Rule 54.02 "is not a final and appealable judgment").

Even if the order contained the required determination and direction, we conclude that certification as a final judgment under Rule 54.02 would be inappropriate. The trial court's authority to direct the entry of a final judgment is not absolute. *Crane v. Sullivan*, No. 01-A-01-9207-CH-00287, 1993 WL 15154, at *1 (Tenn. Ct. App. Jan. 27, 1993). Rule 54.02 requires that the order certified as final be dispositive of one or more of the claims or parties. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 557 (Tenn. 1990).

> If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable.

*Coleman v. Tenn. Bd. of Parole*, No. M2016-00410-COA-R3-CV, 2016 WL 6248027, at *4 (Tenn. Ct. App. Oct. 25, 2016) (citation omitted).

The determination of whether an order disposes of a separable claim or party is a question of law reviewed de novo. *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009). A "claim" for the purposes of Rule 54.02 is defined as the "aggregate of operative facts which give rise to a right enforceable in the courts." *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467 at *2 (Tenn. Ct. App. Apr. 22, 2010) (citations omitted). Possession, back rent, and damages all arise out of the same aggregate of operative facts and do not constitute separate claims for the purposes of Rule 54.02.

We note that, if the July 9, 2019 order were a final judgment, Mr. Brittenum's notice of appeal would be untimely and his appeal would be dismissed with prejudice. Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of this Court within thirty days after entry of the final judgment. Mr. Brittenum filed his notice of appeal on August 9, 2019, thirty-one days after entry of the July 9, 2019 order. However, because the order is not final, the time for filing the notice of appeal has not yet started to run, and the notice of appeal is premature rather than untimely.

On February 14, 2020, this Court determined that the order appealed was not final and ordered the parties either to obtain a final judgment from the trial court within sixty days or else to show cause why the appeal should not be dismissed. The Court subsequently granted the parties four extensions of time within which to obtain a final judgment. The final extension order required the parties to obtain a final judgment by March 1, 2021. The order provided that, if the trial court had not entered a final judgment by March 1, 2021, the appeal would be dismissed. On March 8, 2021, the trial court clerk notified this Court that the trial court had still not entered a final judgment and that the parties had not even set the matter for a hearing.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Jeremy Brittenum.

PER CURIAM