IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 26, 2021

**STACEY M. LITTLETON v. JAMES MARTIN ET AL.**

**Appeal from the Chancery Court for Robertson County
No. CH20-CV-322  Laurence M. McMillan, Jr., Chancellor**

————————————————————

**No. M2020-01462-COA-R3-CV**

————————————————————

The plaintiff appeals from an order dismissing two of the defendants. Because the order does not resolve all of the claims between all of the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Stacey Littleton, Springfield, Tennessee, pro se.

Jerome Michael Converse, Springfield, Tennessee, for the appellees, Harvey W. Coombs and Coombs Industrial Services, Inc.

Jeff K. Walker, Springfield, Tennessee, for the appellees, James Martin and Gwendolous Martin.

Shelton Larry Evilcizer, Springfield, Tennessee, pro se

**MEMORANDUM OPINION[1]**

        This appeal arises out of a quiet title action. The plaintiff, Stacey M. Littleton, filed her complaint to quiet title on August 5, 2020, naming as defendants James Martin, Gwendolous Martin, Harvey W. Coombs, Coombs Industrial Services, and Shelton Larry Evilcizer, executor of the Estate of John and Mattie O. Evilcizer.[2] Mr. Evilcizer filed a pro

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

[2] The caption of the complaint includes Mr. Evilcizer as a defendant, but he is not listed as a defendant in the body of the complaint.

se answer asserting he has no ownership interest in the property. The Martins, Mr. Coombs, and Coombs Industrial Services all filed answers and Tenn. R. Civ. P. 12 motions to dismiss. Mr. Coombs also filed a counter-complaint and a motion to add the Revocable Living Trust of Stacey M. Littleton and its three trustees as defendants to the counter-complaint. On September 2, 2020, Ms. Littleton filed a Petition for Civil Harassment Restraining Order.

On October 12, 2020, the trial court granted the Martin's motion to dismiss and Mr. Coombs's motion to add additional defendants to his counter-complaint. Two days later, the trial court denied Mr. Coombs and Coombs Industrial Services' motion to dismiss. On October 19, 2020, Ms. Littleton filed a notice of appeal from "the final judgment(s) . . . filed October 12, 2020."

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The trial court's October 12, 2020 orders are not final because the trial court has not yet disposed of Ms. Littleton's quiet title claims against Mr. Coombs, Coombs Industrial Services, or Mr. Evilcizer. The trial court has also not disposed of Mr. Coombs's counter-complaint or Ms. Littleton's Petition for Civil Harassment Restraining Order. All of these claims must be resolved before Ms. Littleton is entitled to an appeal as of right.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed against the appellant, Stacey M. Littleton, for which execution may issue if necessary.

PER CURIAM