FILED

07/14/2023

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### July 13, 2023

## IN RE TRUST OF NELLIE B. FONTANELLA

**Appeal from the Chancery Court for Sumner County**
**No. 21-CV-11      Joe Thompson, Judge**

_____

### No. M2022-01822-COA-R3-CV

_____

This is an appeal from an order requiring a trustee to provide an updated accounting to a beneficiary at the beneficiary's expense. Because the order does not resolve all of the claims between the parties, we dismiss the appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Jacob Shad Mason, Gallatin, Tennessee, and Hannah May Haven, Hendersonville, Tennessee, for the appellant, Angela Davis.

Philip Clark Kelly, Gallatin, Tennessee, for the appellee, Linda Anderson, Trustee of the Nellie B. Fontanella Living Trust.

### MEMORANDUM OPINION[1]

This appeal involves a dispute between the beneficiary of a trust and the trustee. In January of 2021, Genine Lanius, acting under a general power of attorney for Angela Davis, ("Ms. Davis") filed a petition for an emergency restraining order against Linda Anderson, Trustee for the Nellie B. Fontanella Living Trust, seeking to enjoin the trustee from, among other things, selling a house occupied by Ms. Davis. The trial court granted a restraining order, but subsequently dissolved it.

On May 27, 2022, Ms. Davis filed a petition for removal of the trustee. The trustee filed a response which included a request for attorney's fees. Ms. Davis also filed a second petition for an emergency restraining order which the trial court denied on June 23, 2022. On September 7, 2022, Ms. Davis filed a motion to compel an accounting. On December

---

[1]Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

1, 2022, the trial court ordered the trustee to provide an updated accounting to Ms. Davis at Ms. Davis's expense. Ms. Davis filed a notice of appeal from the December 1, 2022 order on December 30, 2022.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. TENN. R. APP. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. TENN. R. APP. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

This Court received the record on appeal on February 22, 2023. After reviewing the record, the Court determined that the judgment appealed was not final because it did not dispose of all of the claims between the parties. In particular, the trial court had not ruled on Ms. Davis's petition to remove the trustee or on either parties' requests for attorney's fees. On March 24, 2023, the Court ordered the parties either to obtain a final judgment disposing of the remaining issue within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have passed, the parties have not responded to the show cause order, and the trial court clerk has notified the Court that the trial court has still not entered a final judgment.

The appeal is hereby dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Angela Davis.

PER CURIAM