IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 21, 2024

**KEITH LEE LIEBERMAN v. BELINDA RENEE WILSON**

**Appeal from the Circuit Court for Greene County**
**No. CC23CV115     Beth Boniface, Judge**
———————————————————

**No. E2024-00137-COA-R3-CV**
———————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Belinda Renee Wilson, Chuckey, Tennessee, Pro Se Appellant.

Crystal Goan Jessee, Greeneville, Tennessee, for the appellee, Keith Lee Lieberman.

**MEMORANDUM OPINION[1]**

The *pro se* appellant, Belinda Renee Wilson ("Appellant"), filed a notice of appeal with this Court in January 2024, which states that Appellant is appealing the December 27, 2023 order of the Greene County Circuit Court ("the Trial Court"). The Trial Court Clerk notified this Court that no final judgment has been entered in this case. The December 27, 2023 order was provided to this Court and reflects that a final trial has not occurred in this matter. The Trial Court Clerk initially informed the Appellate Court Clerk's Office that a trial was scheduled to occur on February 9, 2024. This Court, therefore, entered an order

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

on February 8, 2024, directing Appellant to obtain a final judgment within thirty days or show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant did not file a response to this Court's show cause order. The Trial Court Clerk now has informed the Appellate Court Clerk's Office that a trial did not occur on February 9, 2024 and that the trial in this matter is currently scheduled for April 19, 2024.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed.[2] Costs on appeal are taxed to the appellant, Belinda Renee Wilson, for which execution may issue.

**PER CURIAM**

---

[2]We note that Appellant filed a motion to proceed as indigent in this appeal. However, Appellant's alleged indigency does not relieve her from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, Appellant's motion is DENIED as moot.