FILED
05/30/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 30, 2024

**GEORGE E. GAMBLE, III v. PATRICIA D. MORRIS**

**Appeal from the Chancery Court for Bradley County**
**No. 2022-CV-147   Jerri Bryant, Chancellor**
————————————————————

**No. E2024-00683-COA-R3-CV**
————————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND THOMAS R. FRIERSON, II, J.

John P. Konvalinka and Cody M. Roebuck, Chattanooga, Tennessee, for the appellant, Patricia D. Morris.

Harold Lebron North, Jr. and Stephen D. Barham, Chattanooga, Tennessee, for the appellee, George E. Gamble, III.

**MEMORANDUM OPINION**[1]

The appellant, Patricia D. Morris ("Appellant"), filed a notice of appeal with this Court in May 2024, which states that Appellant is appealing the April 19, 2024 order of the Bradley County Chancery Court ("the Trial Court"). Subsequently, the appellee, George E. Gamble, III, filed a motion seeking to dismiss this appeal arguing that no final judgment has been entered in this case. Appellant filed a response to the motion to dismiss

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

asking this Court to deny the motion contending that the Trial Court resolved all claims between the parties and the order is final.

The April 19, 2024 order was provided to this Court by the appellee and reflects that issues remain before the Trial Court. In the April 18, 2024 order, the Trial Court found that (1) an implied partnership existed between the parties, (2) the parties' implied partnership be dissolved, and (3) that the property of the partnership be sold and the profits divided equally. The Trial Court also ordered that the appellant produce a full accounting of "all income and expenses on the rental properties from the date of the separation of the parties until the date of [the Trial Court's April 19, 2024 order]," that Appellant complete and provide the accounting within sixty days, that a supplemental accounting be filed when each piece of property is sold, and that a hearing would be conducted on June 26, 2024 regarding the status of the accounting and the plan for the sale of the properties. The Trial Court denied and dismissed any other issues that were pending at the time of the hearing, but the court did not certify the April 19, 2024 order as a final judgment pursuant to Tenn. R. App. P. 54.02.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). A trial court also may direct the entry of a final judgment as to one or more but fewer than all the claims only upon an express determination that there is no just reason for delay and an express direction for the entry of judgment. Tenn. R. Civ. P. 54.02. However, the Trial Court made no such direction that the order would be final in this case. Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. The Trial Court ordered that the appellant provide an accounting and scheduled a further hearing to review the status of the accounting and the sale of the properties. Issues remain pending before the Trial Court, and the judgment was not certified as a final judgment pursuant to Rule 54.02. We, therefore, grant the appellee's motion to dismiss this appeal for lack of jurisdiction. This appeal is hereby dismissed without prejudice to Appellant's ability to file a notice of appeal when a final judgment is entered in the trial court proceedings either resolving all issues below or properly certifying the order as a final judgment pursuant to Rule 54.02. Costs on appeal are taxed to the appellant, Patricia D. Morris, for which execution may issue.

**PER CURIAM**