IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

FILED
09/03/2024
Clerk of the
Appellate Courts

## KEVIN MILLEN v. TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-24-0135    JoeDae L. Jenkins, Chancellor**

_____

**No. W2024-00701-COA-R3-CV**

_____

Pro se Appellant, Kevin Millen, has appealed an order of the Shelby County Chancery Court that was entered on April 19, 2024. We determine that the trial court's order does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider the appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

ARNOLD B. GOLDIN, J.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Kevin Millen, Memphis, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; and Amber L. Barker, Senior Assistant Attorney General, for the appellee, Tennessee Department of Labor & Workforce Development, and Variety Wholesalers.

Pamela Warnock Blair, Memphis, Tennessee, for the appellee, Variety Wholesalers.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Procedure, on July 30, 2024, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

In 2023, Mr. Millen applied to the Tennessee Department of Labor & Workforce Development for unemployment benefits, and his application was denied. After exhausting administrative remedies, Mr. Millen filed a petition in the trial court for judicial review of the Department's decision. He proceeded to file several motions, including "Motion to Show a tort claim and asking for $750,000" and a "Motion for Default Judgment Paperwork Returned," in which he sought a default judgment against the Department and Variety Wholesalers, Mr. Millen's former employer. After a hearing, the trial court entered its April 19, 2024 order, which denied the motions for a tort claim and for a default judgment. This is the order from which Mr. Millen appealed to this Court.

On August 2, 2024, Mr. Millen filed a response to this Court's July 30, 2024 show cause order. His response failed to supplement the appellate record with a final judgment, and it did not provide any explanation or argument as to whether the trial court's order was a final, appealable order. Following a second show cause order entered by this Court, Mr. Millen filed three more pleadings that were not responsive to the show cause orders. In summary, Mr. Millen has failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Kevin Millen, for which execution may issue.

PER CURIUM