IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## RITA STANLEY v. ROBIN SPRINGER

**Appeal from the Circuit Court for Shelby County**
**No. CT-1582-23     Rhynette N. Hurd, Judge**

_____

**No. W2024-01138-COA-R3-CV**

_____

*Pro se* Appellant, Robin Springer, has appealed an order of the Shelby County Circuit Court that was entered on July 3, 2024. We determine that the trial court's order does not constitute a final appealable judgment. As a result, this Court lacks jurisdiction to consider this appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Robin Springer, Memphis, Tennessee, Pro Se.

Rita Stanley, Memphis, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, on January 17, 2025, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Our review of the record revealed that the trial court's July 3, 2024 order to which the Notice of Appeal was directed did not resolve a pending counter-claim. On February 21, 2025, Appellant filed a response to this Court's show cause order arguing the various reasons that her appeal has merit and requesting that this Court obtain certain documents from the trial court that are allegedly missing from the appellate record.[2] Notably, Appellant claimed that the trial court held a hearing on her pending counterclaim in October of 2024, but her response still failed to supplement the record with a final judgment.

On March 6, 2025, this Court entered a second show cause order granting Appellant a final opportunity to supplement the appellate record with a final judgment or otherwise show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. The Order warned: "If Appellant fails to comply with this Order within the time allowed herein, this appeal **shall be dismissed without further notification of the Court, with costs taxed to Appellant**." On March 21, 2025, Appellant filed another response reiterating the same arguments. On March 31, 2025, Appellant filed a "Motion to Accept Supplement to the Appellate Record," requesting that the Court consider additional documents that she claims support her position. We disagree. In summary, Appellant's pleadings are not responsive to this Court's show cause orders, and Appellant has failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. In addition, Appellant's Motion to Supplement the Record is DENIED as moot. Costs on appeal are taxed to Appellant, Robin Springer, for which execution may issue.

PER CURIAM

---

[2] Rule 24(e) of the Tennessee Rules of Appellate Procedure provides:

If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. **Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court.** Absent extraordinary circumstances, the determination of the trial court is conclusive. If necessary, the appellate or trial court may direct that a supplemental record be certified and transmitted.

(emphasis added).