IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 30, 2025 Session

## JOY FRANCINE MITCHELL BYRD v. SAMUEL BYRD JR.

**Appeal from the Chancery Court for Knox County**
**No. 186080-1          John F. Weaver, Chancellor**

————————————————————

**No. E2024-00507-COA-R3-CV**

————————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Joy Francine Mitchell Byrd, Knoxville, Tennessee, Pro Se Appellant.

Brent R. Watson, Knoxville, Tennessee, for the appellee, Samuel Byrd, Jr.

## MEMORANDUM OPINION[1]

The *pro se* appellant, Joy Francine Mitchell Byrd ("Appellant"), filed a notice of appeal with this Court in April 2025, which states that Appellant is appealing an order of the Knox County Chancery Court ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3. There are pending contempt petitions in the Trial

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Court that were reserved in the Trial Court's April 25, 2024 order, which is the order the Appellant seeks to appeal.

Because it appeared that there was no final judgment in the underlying Trial Court proceedings, this Court entered a show cause order on May 6, 2025, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not supplemented the appellate record with a final order nor has she responded to this Court's show cause order.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

In the Trial Court's April 2, 2025 order resolving the appellate record, the Trial Court stated that the April 25, 2024 order, from which Appellant seeks to appeal, reserved the issues regarding Appellant's criminal contempt action against the appellee regarding alimony, Appellant's civil contempt action against the appellee regarding alimony, and the appellee's counterclaim against Appellant regarding overpayment of child support. The Trial Court confirmed that the criminal contempt action had since been dismissed. Nonetheless, claims remain pending before the Trial Court in the underlying proceedings, and the Trial Court did not certify the order resolving the child support issue as a final judgment under Tenn. R. Civ. P. 54.02. Therefore, there is no final judgment from which an appeal as of right would lie. *See* Tenn. R. App. P. 3.

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Joy Francine Mitchell Byrd, for which execution may issue.

**PER CURIAM**