IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 25, 2025 Session

## IN RE ISAIAH M.[1]

**Appeal from the Chancery Court for Washington County
No. 24-AD-0225      Suzanne Cook, Judge**

_____

## No. E2025-01741-COA-R3-PT

_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

A.M., Austin, Texas, Pro Se Appellant.

Sandy Phillips, Johnson City, Tennessee, for the appellees, B.M. and K.M.

### MEMORANDUM OPINION[2]

The *pro se* appellant, A.M., filed a notice of appeal with this Court on November 5, 2025, which states that A.M. is appealing the October 14, 2025 order of the Washington County Chancery Court ("Trial Court"). In the October 14, 2025 order, which is attached

---

[1] Although A.M. did not identify this case as a termination of parental rights action when filing her notice of appeal, the Trial Court's order being appealed is clear on the subject matter of the underlying case. Therefore, in accordance with this Court's policy, the parties' names have been abbreviated to protect their privacy and identities.

[2] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to a motion filed by A.M., the Trial Court found that A.M. had waived any defenses under Tenn. R. Civ. P. 12.02(4) and 12.02(5), and as such, denied A.M.'s "Limited Appearance and Motion to Quash Purported Service, Vacate Any Resulting Deadlines or Defaults, and to Direct Proper Service (Tenn. R. Civ. P. 4 & 12.02(4)-(5))." The Trial Court's order further stated that that underlying case will be tried on December 2, 2025. The termination of parental rights petition remains pending before the Trial Court and is currently scheduled for trial on December 2, 2025.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on November 14, 2025, directing A.M. to show cause within ten days as to why this appeal should not be dismissed for lack of subject matter jurisdiction due to lack of a final judgment. A.M. has not responded to this Court's show cause order.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which A.M. seeks to appeal does not constitute a final, appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed.[3] Costs on appeal are taxed to the appellant, A.M., for which execution may issue.

**PER CURIAM**

---

[3] We note that A.M. filed a motion to proceed as indigent in this appeal. However, A.M.'s alleged indigency does not relieve her from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, A.M.'s motion is DENIED as moot.